**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**KARRIECE Q. DAVIS,**

    **Petitioner,**

**v.**                                                        **Case No. 5:17cv112-MCR/CAS**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

    On April 17, 2017, Petitioner Karriece Q. Davis filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his sentence imposed by the Bay County Circuit Court, on August 29, 2006, following a plea of nolo contendere on a charge of fleeing and attempting to elude a law enforcement officer. Ex. A and B.[1] On February 20, 2018, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits.[2] ECF No. 17. Petitioner filed a reply on March 12, 2018. ECF No. 19.

---

[1] Hereinafter, all citations to the state court record, "Ex. -," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 17.
[2] Respondent filed this motion for untimeliness after five (5) Motions for Extension of Time to File Response/Reply. *See* ECF. Nos. 7, 9, 11, 13, 15.

The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2 (B). After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8 (a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (allowing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **PROCEDURAL HISTORY**

On August 29, 2006, following his entry of a nolo contendere plea, Petitioner was adjudicated guilty on one count of fleeing or attempting to elude a law enforcement officer. Ex. C at 6. During Petitioner's plea and sentencing hearing, the court announced Petitioner was "guilty of the offense of fleeing and attempting to elude a law enforcement officer, a second-degree felony." *Id.* The written judgment, however, noted the crime as a third-degree felony. Ex. D. Petitioner was sentenced to a twenty (20)-month prison sentence. *Id.* Petitioner did not file a direct appeal of the sentence or judgment.

Some time prior to May 3, 2010, Petitioner filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Ex. E at 1.  On May 3, 2010, the state trial court filed an order to strike Petitioner's motion with leave to amend.  *Id.* at 3.  On May 23, 2010, Petitioner filed an amended 3.850 motion.  *Id.* at 4.  On June 2, 2010, the state trial court filed an order to strike Petitioner's amended motion with leave to amend.  *Id.* at 7.  Petitioner filed another amended 3.850 motion on July 1, 2010.  *Id.* at 8.  On July 15, 2010, the state trial court denied Petitioner's motion for post-conviction relief because the allegations were "conclusory, [did] not state any specific facts to support his claims, and [failed] to allege how he was prejudiced."  *Id.* at 16.  On August 17, 2010, Petitioner appealed the denial of post-conviction relief to the First District Court of Appeal (DCA).  *Id.* at 18.  On February 8, 2011, the First DCA per curiam affirmed without a written opinion.  Ex. F.

On December 11, 2012, Petitioner filed a pro se motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. Ex. G.  Petitioner claimed he was incorrectly sentenced to a twenty (20)-month prison sentence and fined $10,000 in accordance with a Class (B) felony charge (a second-degree felony), when he pled to a Class (C) felony charge (a third-degree felony charge).  *Id.* at 2.  On February 28, 2013, the

state trial court denied Petitioner's motion to correct an illegal sentence. Ex. H.  The state trial court explained the sentencing court had imposed only the twenty (20)-month prison sentence, not a $10,000 fine and Petitioner had pled to a second-degree felony.  *Id*; *see* Ex. A ("COUNT I: Karriece Q. Davis, in the County of Bay and State of Florida, did willfully flee or attempt to elude a law enforcement officer…contrary to Florida Statute 316.1935(3)(a).  (2 Deg Fel)").  On March 5, 2013, Petitioner filed a motion for reconsideration of his 3.800 motion.  Ex. I.  The state trial court denied the motion for reconsideration on June 3, 2013.  *Id.*

On November 16, 2015, Petitioner filed a pro se motion for post-conviction relief.  Ex. K at 1.  On December 14, 2015, the state trial court dismissed the motion as untimely and successive.  *Id.* at 10-11; s*ee* Fla. R. Crim. P. 3.850(b) (stating a motion for post-conviction relief must be filed within "two years after the judgment and sentence become final").  Petitioner appealed the denial of post-conviction relief to the First DCA on December 28, 2015.  Ex. K at 34.  The First DCA per curiam affirmed without a written opinion on April 5, 2016.  Ex. L.

On December 15, 2015, Petitioner filed a motion to correct an illegal sentence.  Ex. M at 32.  On January 27, 2016, the state trial court denied the motion.  *Id.* at 35.  The court treated Petitioner's motion as a request to

amend his plea agreement because the plea form was incorrect. *Id.* The court ordered Petitioner's Judgment and Sentence to be amended to "conform to the oral pronouncement thereof" and reflect that he was convicted of a second-degree felony. *Id. See* Turner v. State, 967 So. 2d 962 (Fla. 1st DCA 2007). The judgment was amended February 2, 2016. *See* Ex. M at 37.

On May 3, 2016, Petitioner filed another motion for post-conviction relief. Ex. M at 1. Petitioner claimed his petition was timely because his two-year state habeas limitations period restarted on January 27, 2016, when the state trial court ordered the amendment to his judgment and sentence nunc pro tunc. *Id.* at 3. On May 9, 2016, the state trial court dismissed the motion as untimely. *Id.* at 10. The court stated the amended judgment did not restart or revive the state habeas limitations period because the amendment corrected a clerical error, rather than an error involving the legality of the sentence. *Id.* at 11. On May 25, 2016, Petitioner appealed the denial of post-conviction relief to the First DCA. *Id*. at 42. The First DCA per curiam affirmed without an opinion on October 25, 2016. Ex. N.

On November 8, 2016, Petitioner filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court pursuant to Rule of

Appellate Procedure 9.120.  Ex. O.  On February 24, 2017, the Florida Supreme Court denied the petition and declined jurisdiction.  Ex. R.  Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on April 17, 2017.  ECF No. 1.  Petitioner has served his sentence in this case and was released by the Department of Corrections on March 27, 2007.  Ex. S.

## ANALYSIS

Petitioner has filed a pro se petition for writ of habeas corpus under Title 28, United States Code, section 2254.  ECF No. 1.  Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitation period starts on (a) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," (B) the date on which an unconstitutional impediment which prevented the applicant from filing is removed, (c) the date on which a right, if recently recognized by the Supreme Court, is made retroactively applicable to cases on collateral review, or (D) the date on which facts of the claims presented could have been discovered through due diligence.  *Id*.  When a proper application for

post-conviction relief has been filed with the State court, time will be tolled while the claim is pending. *Id.*

Petitioner was sentenced on August 29, 2006, and did not file a direct appeal to the First DCA. Ex. C; *see* Ex. E. Petitioner had thirty (30)-days from the written order imposing his sentence to appeal his judgment and sentence to the First DCA. *See* Fla. R. App. P. 9.140(3) (2006). When a prisoner does not appeal the state court judgment, his conviction becomes final when the time for filing a direct appeal expires. *See* 28 U.S.C. § 2244(d)(1)(a). Accordingly, Petitioner's conviction became final when the period to file a direct appeal expired, which was Friday, September 29, 2006. Absent any tolling, Petitioner had until September 29, 2007, to file his federal habeas corpus petition. *See* Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (stating that limitations period ends on anniversary date of triggering event); Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008) (using anniversary method).

Petitioner's one-year AEDPA limitations period began on September 29, 2006, and ran until it expired on September 29, 2007. Ex. E. Petitioner did not file any motions for post-conviction relief in the state trial court until May 3, 2010. *Id.* The post-conviction motion did not restart the AEDPA time because no time remained for Petitioner to file his § 2254 petition.

Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.").

On May 3, 2016, Petitioner filed another post-conviction motion in the state trial court. Ex. M. Petitioner claimed that this motion was timely because his judgment had been amended on February 2, 2016. *Id.* Petitioner's judgment was amended to correct a discrepancy in the degree of the crime to which Petitioner was sentenced. *See* Ex. M at 13, 37.

Petitioner was sentenced to a second-degree felony by the Honorable Judge Hess at the sentencing hearing. Ex. C at 6. Petitioner's initial written judgment order indicates that Petitioner was sentenced to a third-degree felony. Ex. D (judgment noting the degree of crime as "3F"). Petitioner cited Magwood v. Patterson, 561 U.S. 320 (2010), and Brown v. Sec'y Dep't of Corr., 2014 WL 2991131 (N.D. Fla. July 3, 2014), to support his argument that an amendment to the judgment started a new state habeas limitations period. Ex. M at 3. The state trial court dismissed Petitioner's motion as untimely because the amendment was not the result of "significant errors involving some kind of illegality." Ex. M at 11. The

amendment did not restart the state habeas limitations period, so the court found Petitioner's 3.850 motion untimely.  *Id.*

Petitioner makes the same argument to show his § 2254 petition is timely: under Magwood, where there is "a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all."  Magwood, 561 U.S. at 341-42 (2010), *see* ECF No. 19 at 3-4.  According to Petitioner, the amended judgment in his case should restart the AEDPA limitations period from a later date because it is a 'new judgment'.  *Id.*  Therefore, Petitioner asserts, the AEDPA limitations period restarted on January 27, 2016 (the date his judgment was ordered to be amended) and his 3.850 motions filed in the state trial court sufficiently tolled the AEDPA limitations period, making this § 2254 petition timely.  *Id.* at 3-4.

As the state trial court noted in the order denying Petitioner's 3.850 motion, this case is distinguishable from the facts in Magwood and Brown.[3]  Magwood, 561 U.S. at 325-26 (2010); *see* Brown, 2014 WL 2991131, at *2 (N.D. Fla. July 3, 2014).  The holding in Magwood is inapplicable to

---

[3] In Brown, the defendant filed a Motion to Correct an Illegal Sentence pursuant to Rule 3.800 and was awarded additional jail credit.  Brown, 2014 WL 2991131, at *2.  The court held that defendant's original sentence was illegal because "a sentence which incorrectly calculated jail credit is an illegal sentence."  *Id.* at *3; *see* State v. Mancino, 714 So. 2d 429, 433 (Fla. 1998).  Therefore, the defendant's conviction became final when the period to seek direct review on his "most recent" sentence concluded or expired.  Brown, 2014 WL 2991131, at *2.

Case No. 5:17cv112-MCR/CAS

Petitioner's case.  Magwood, 561 U.S. at 325.  Magwood, a death row inmate, was granted a new sentencing proceeding after he challenged the constitutionality of his death sentence in a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Id. at 326.  He was resentenced to death and challenged the constitutionality of his second death sentence in a subsequent § 2254 petition, which was dismissed as successive.  Id. at 325.  The Supreme Court held Magwood's second § 2254 petition was not procedurally barred because the petition challenged his resentencing, which was a new judgment under § 2244(b).  Id. at 331.

Petitioner was not resentenced in this case, and the holding in Magwood does not address the issue of timeliness.  Id.  Though Petitioner's written judgment was amended in 2016 to reflect the correct degree of the crime indicated at his plea hearing, the amendment to Petitioner's judgment is not equivalent to a "new judgment" that would trigger a new AEDPA limitations period.  See Thompson v. Fla. Dep't of Corr., 606 Fed. App'x 495, n.8 (11th Cir. 2015) ("[N]ot all post-judgment changes or corrections to a sentence result in a new 'judgment' for purposes of § 2244(d)(1)(a)."); Murphy v. U.S., 634 F.3d 1303 (11th Cir. 2011) (stating that Rule 35(b) sentence reduction did not change the date when conviction became final because reduction does not affect the finality

of the conviction and is not equivalent to resentencing); Mathews v. Sec'y, Dep't of Corr., 2009 WL 5128027, *1 (M.D. Fla. Dec. 21, 2009) ("Petitioner…was not resentenced. The change in the written sentence was merely clerical. It only corrected what was essentially a scrivener's error… Therefore, the 2007 'Corrected Sentence,' which did nothing more than correct a clerical or scrivener's error, did not restart AEDPA's one-year limitation period.").

Petitioner's sentence was not illegal, remained unchanged, he was not awarded any additional penalties or jail credit, and the amendment merely conformed the written judgment to the oral pronouncement made at the sentencing hearing. See Ex. M at 13 (the original written judgment noting degree of crime as "3F"); Ex. M. at 37 (amended judgment noting degree of crime as "2F" with footnote: "AMENDED 2/2/2016 TO CORRECT DEGREE OF CHARGE PER ORDER DATED JAN. 27, 2016, NUNC PRO TUNC: 8/29/2006").

Petitioner's amended sentence, like the "Corrected Sentence" in Mathews, was not a new judgment and did not restart the AEDPA limitations period. 2009 WL 5128027 at *1 (M.D. Fla. Dec. 21, 2009).

Petitioner's AEDPA limitations period expired on September 29, 2007, one year from the date his conviction became final. See Ferreira,

494 F.3d at 1289 n.1 (11th Cir. 2007).  Therefore, the § 2254 petition filed in this Court on April 17, 2017, is untimely and Respondent's motion to dismiss should be granted.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## RECOMMENDATION

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 17, be **GRANTED,** Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely, and a certificate of appealability by **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2018.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.